UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLES COLES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:20-cv-00035 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CHARLES COLES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is Veteran of the United States Military and a consumer over 18 years-of-age residing in San Antonio, Texas, which is located within the Western District of Texas.

5. Defendant is a limited liability company headquartered in the State of Virginia. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Defendant was founded in 1996 and is one of the nation's largest debt collectors.[1]

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Several years ago Plaintiff financed the purchase of a personal vehicle through McCombs West Ford, Inc. ("McCombs").

8. Plaintiff used the vehicle for his personal and household transportation.

9. Due to financial hardship Plaintiff defaulted on his payments to McCombs creating an outstanding obligation in the amount of $25,250.47 ("subject consumer debt").

10. Subsequent to Plaintiff's default, the subject consumer debt was purchased by Defendant in approximately November 2017 and assigned account number starting with 9261.

---

[1] https://www.portfoliorecovery.com/?gclid=EAIaIQobChMI7Pvgj4KD2gIVHLjACh11MAX3EAAYASAAEgL3PvD_BwE

11. In an effort to secure payment of the subject consumer debt, Defendant started placing systematic collection calls to Plaintiff's cellular phone, (210) XXX-1330 .

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1330. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject consumer debt.

14. At the outset of the calls, Plaintiff spoke with Defendant and informed it of his financial situation and inability to pay.

15. Additionally, Plaintiff instructed Defendant to cease contacting him, a prompt which he has repeated several times.

16. Rather than adhere to Plaintiff's requests to cease, Defendant has doubled-down on its collection activity by continuing to call him from a variety of different phone numbers.

17. Defendant has systematically used a variety of phone numbers when calling Plaintiff in order to conceal its identity.

18. Despite Defendant lacking permission to call Plaintiff's cellular phone it has placed not less than 100 phone calls to him.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction

caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA, §1692c and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff *at least* 100 times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

### b. Violations of the FDCPA, §1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Defendant purposefully and systematically "spoofed" and varied the phone numbers that it placed calls from. By changing phone numbers, Defendant hoped that Plaintiff would not recognize that it was calling so he would answer

### c. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 100 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

34. As pled in paragraphs 18 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff CHARLES COLES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

38. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

#### a. Violations of the TDCA, § 392.302

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant violated the TDCA when it continued to call Plaintiff's cellular after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to

the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

41. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular and work phones knowing that its conduct was unwelcome.

WHEREFORE, Plaintiff CHARLES COLES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 13, 2020                                     Respectfully submitted,

s/ Nathan C. Volheim                                        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                            Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                     *Counsel for Plaintiff*
Admitted in the Southern District of Texas                  Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                     Lombard, Illinois 60148
(630) 568-3056 (phone)                                      (630) 581-5858 (phone)
(630) 575-8188 (fax)                                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                    thatz@sulaimanlaw.com